RAYMOND HAROLD JOHNSON V. STATE

No. 26,946. April 21, 1954
Rehearing Denied May 26, 1954

*Irwin and Irwin,* by *R. T. Scales* and *Robert C. Benavides,* Dallas, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for burglary; the punishment, six years in the penitentiary.

The indictment alleges ownership in the burglarized premises as being in Ben Brannon.

The sole contention presented in this appeal is that the state not only failed to support that allegation by proof but, to the contrary, showed the ownership of the premises to be in the Service Printing Company.

While it is true that the witness Brannon did not by his testimony expressly state his connection with the Service Printing Company or otherwise point out his relationship thereto, he did refer to the burglarized premises as his place of business and stated that it was burglarized without his knowledge and consent.

We note that the appellant recalled the witness Brannon after the state had rested its case in chief and proved by the witness that the $25 was missing from his place of business as a result of the burglary and that the money had not been returned to him.

No issue was made upon the trial of the case as to the sufficiency of the proof of ownership or of a variance between the allegation of the indictment and the proof.

Indeed, the sufficiency of the evidence in the particular now insisted upon appears to be the subject of attack for the first time in this court.

For aught this record shows, Brannon may have been the sole owner of the business, as suggested by his testimony.

We are constrained to agree that, as here presented, the facts warranted the jury in concluding that the burglarized premises belonged to Brannon, the owner alleged in the indictment.

Accordingly, the judgment is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant insists that the state failed to prove the allegations of the indictment that the burglarized building was occupied or controlled by Ben Brannon and was entered without his consent with intent to steal his property.

In addition to what was said in our original opinion, Mr. Brannon testified:

"Q. What business are you in Mr. Brannon? A. Service Printing and Office Supply.

"Q. Where was your business located, please, at that time? (October 1950.) A. No. 512 W. Jefferson."

He then testified that on October 22, 1950, his business was burglarized.

We disclaim any intention of holding in our original opinion that the question of the insufficiency of the evidence because of variance could not be raised for the first time in this court. The rule to the contrary is well established. 18 Texas Jur., Sections 306 and 307, pages 428 and 429; 4 Texas Jur., Sec. 147, p. 206; McElroy v. State, 154 Texas Cr. Rep. 20, 224 S.W. 2d 715.

We remain convinced that the evidence was sufficient to sustain the allegation of the indictment.

In this connection we observe that neither the agreement of counsel nor the certificate of approval of the trial judge certifies directly that the statement of facts contains a full and complete transcript of all of the evidence adduced at the trial.

Appellant's motion for rehearing is overruled.